T.C. Memo. 2010-51

UNITED STATES TAX COURT

LARRY DELANO COLEMAN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4740-09L.                    Filed March 18, 2010.

Larry Delano Coleman, pro se.

<u>Dennis R. Onnen</u>, for respondent.

MEMORANDUM OPINION

ARMEN, <u>Special Trial Judge</u>:  The instant proceeding arises
from a petition for judicial review filed in response to a Notice
Of Determination Concerning Collection Actions(s) Under Section
6320 and/or 6330.[1]  The issue for decision is whether respondent

---

[1]  Unless otherwise indicated, all subsequent section
(continued...)

may proceed with the collection action as so determined.  Pending before the Court are:  (1) Respondent's Motion For Summary Judgment, filed September 18, 2009, and (2) petitioner's cross-Motion For Summary Judgment, filed November 4, 2009.

## Background

Petitioner resided in the State of Missouri when the petition was filed.

### Petitioner's Tax Liabilities for 1999, 2004, 2005, and 2006

Petitioner filed Federal income tax returns for 2004, 2005, and 2006 on April 2, April 1, and December 31, 2007, respectively, but failed to fully pay the liabilities reflected thereon.  In addition, a trust fund recovery penalty (TFRP) was assessed against petitioner pursuant to section 6672 for the period ending December 31, 1999, with respect to unpaid liabilities of Larry Delano Coleman, PC, petitioner's former legal practice.

### Final Notices of Intent To Levy and Notice of Federal Tax Lien

On January 4, 2008, respondent sent petitioner a Final Notice Of Intent To Levy And Notice Of Your Right To A Hearing with regard to the proposed levy to collect his income tax liabilities for tax years 2004 and 2005 and the TFRP.  Petitioner submitted a Form 12153, Request For A Collection Due Process Or

_____

[1](...continued)
references are to the Internal Revenue Code and all Rule references are to the Tax Court Rules of Practice and Procedure.

Equivalent Hearing, dated January 5, 2008, but received by respondent on March 10, 2008.

On July 16, 2008, respondent sent petitioner a Final Notice --Notice Of Intent To Levy And Notice Of Your Right To A Hearing with regard to a proposed levy to collect petitioner's income tax liability for 2006. Petitioner submitted a Form 12153 dated August 15, 2008.

On July 29, 2008, respondent sent petitioner a Notice Of Federal Tax Lien Filing And Your Right To A Hearing Under IRC 6320 with regard to petitioner's income tax liabilities for 2004, 2005, and 2006. Petitioner submitted a Form 12153 dated August 15, 2008.

On each of the Forms 12153 petitioner indicated that he wished to pursue a collection alternative; namely, an installment agreement or offer-in-compromise.[2] In addition, on the Form 12153 dated January 5, 2008, petitioner wrote "Taxpayer Advocate Service" next to "Other".

Administrative Developments

Petitioner's collection case for each of the foregoing periods was assigned to Settlement Officer Deborah Landers (Ms. Landers) of the IRS Office of Appeals in Kansas City, Kansas. In

---

[2] The Court notes that on the Form 12153 dated Jan. 5, 2008, petitioner marked the box next to "Innocent Spouse Relief". The request for innocent spouse relief was made on behalf of petitioner's wife, who is not a party to the present action.

a letter to petitioner dated September 2, 2008, Ms. Landers scheduled a telephone conference for October 7, 2008.  In addition, Ms. Landers stated that in order for her to consider a collection alternative, petitioner was required to make estimated tax payments for 2008, submit a Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, and file an income tax return for 2007.

In a letter dated September 5, 2008, petitioner requested that his collection case be assigned to a different settlement officer, as Ms. Landers had previously been involved in the TFRP for 1999.  Thereafter petitioner's collection case was assigned to settlement officer Keith R. Cummings (Mr. Cummings), also of the IRS Office of Appeals in Kansas City, Kansas.  In a letter to petitioner dated October 3, 2008, Mr. Cummings scheduled a telephone conference for October 17, 2008.  In addition, Mr. Cummings indicated that in order for a collection alternative to be considered, petitioner was required to submit a Form 433-A and a copy of his 2007 income tax return, which was due to be filed on October 15, 2008.

Petitioner did not submit a Form 433-A or a copy of his 2007 tax return before the scheduled conference call.  On October 17, 2008, petitioner and Mr. Cummings held a telephone conference. During the conference petitioner conceded that he owed the income taxes.  Petitioner questioned the origin of the TFRP, and Mr.

Cummings explained that the TFRP was based on petitioner's unpaid payroll taxes for his legal business; petitioner thereafter admitted he was responsible for the unpaid taxes and requested the payoff amount.[3] During the conference petitioner requested additional time to complete the Form 433-A, which Mr. Cummings denied on the basis that petitioner had already been given sufficient time to complete the Form 433-A. Petitioner also mentioned that he would like to submit an offer-in-compromise but would not have time to do so until November. Petitioner never mentioned Taxpayer Advocate assistance.

On February 2, 2009, respondent issued petitioner a Notice Of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 sustaining respondent's proposed collection actions for the income tax liabilities for 2004, 2005, and 2006, and for the TFRP for 1999. The notice states that

---

[3] Mr. Cummings' contemporaneous notes of the telephone conference state the following:

> Underlying liability issues? No -- taxpayer was not audited on CDP years at issue, concedes that he owes these taxes. Had questions regarding trust fund recovery penalty. Explained IRC 6672 -- had to do with unpaid payroll taxes for his prior law practice. Taxpayer was unaware of this -- thought it had something to do w/income taxes. Said he didn't pick up the letters for 1153 TFRP letter because he didn't know what they were for. He explained that old biz (law practice) that was the basis for unpaid payroll taxes was his practice - - he admitted that he would be responsible for the TF taxes, as there was no one else to blame. Asked for payoff of TFRP. Gave today's payoff.

[petitioner has] been granted installment agreements in the past by the Service dating back to 1998. These agreements have defaulted on a somewhat regular basis due to [petitioner's] failure to make the agreed upon payments, or the filing of subsequent Federal income tax returns with new tax liabilities.

On February 27, 2009, petitioner filed the petition in this case. In the petition he stated his reasons for disagreeing with the notice of determination, as relevant herein, are:

> (1) Civil penalty for 1999 was for a professional corporation that did not exist in 1999.

> \* \* \* \* \* \* \*

> (3) IRS will not enable installment agreement or settlement, given difficult economic times.

## Motions for Summary Judgment

As stated above, respondent filed the Motion For Summary Judgment on September 18, 2009. In his motion respondent argues that the settlement officer did not abuse his discretion in sustaining respondent's proposed collection action when he refused to consider a collection alternative.

Petitioner's Objection To Respondent's Motion For Summary Judgment was filed on October 23, 2009. In his objection petitioner appears to contest the validity of the underlying liability.[4] Petitioner subsequently filed a cross Motion For

---

[4] Any other arguments in petitioner's objection are unpersuasive and without foundation. See Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984) ("We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have

(continued...)

Summary Judgment on November 4, 2009. In his cross-motion petitioner alleges that the TFRP was wrongfully assessed because Larry Delano Coleman, PC, did not exist in 1999. Petitioner also requested a refund of all payments made on a payment plan.

Respondent filed an Objection to petitioner's cross-motion for summary judgment on December 8, 2009. In his objection respondent argues that petitioner is precluded from challenging the underlying tax liability for the TFRP because petitioner did not raise this issue during the administrative hearing. In addition, respondent argues that the Court lacks jurisdiction to order a refund in an action based upon a notice of determination.

Discussion

A. <u>Summary Judgment</u>

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. <u>Fla. Peach Corp. v. Commissioner</u>, 90 T.C. 678, 681 (1988). Summary judgment may be granted with respect to all or any part of the legal issues in controversy "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(a) and (b).

---

[4](...continued)
some colorable merit.").

After carefully reviewing the record, we are satisfied that there is no genuine issue as to any material fact, and a decision may be rendered as a matter of law. Accordingly, we shall grant respondent's motion for summary judgment and deny petitioner's cross-motion for summary judgment.

B. Respondent's Proposed Collection Actions

Section 6330 generally provides that the Commissioner cannot proceed with collection by levy until the taxpayer has been given notice and the opportunity for an administrative review of the matter (in the form of an Appeals Office hearing) and, if dissatisfied, the taxpayer may seek judicial review of the administrative determination. See Davis v. Commissioner, 115 T.C. 35, 37 (2000); Goza v. Commissioner, 114 T.C. 176, 179 (2000).

Section 6330(c) prescribes the matters that a taxpayer may raise at an Appeals Office hearing. In sum, section 6330(c) provides that a taxpayer may raise collection issues such as spousal defenses, the appropriateness of the Commissioner's intended collection action, and possible alternative means of collection. Section 6330(c)(2)(B) provides that the existence and amount of the underlying tax liability may be contested at an Appeals Office hearing only if the person did not receive a notice of deficiency for the tax in question or did not otherwise have an opportunity to dispute the tax liability. See Sego v.

Commissioner, 114 T.C. 604, 609 (2000); Goza v. Commissioner, supra at 180-181. When the underlying tax liability was not properly raised during the Appeals Office hearing, the taxpayer may not raise the underlying tax liability on appeal of a notice of determination. Giamelli v. Commissioner, 129 T.C. 107, 115 (2007). As made manifest by the settlement officer's contemporaneous notes of the Appeals conference, see supra note 3, petitioner did not challenge the existence or amount of the underlying TFRP. Petitioner for the first time challenged his underlying tax liability for the TFRP in his petition; accordingly, this Court does not consider that issue.

Where the validity of the underlying tax liability is not properly at issue, the Court will review the Commissioner's administrative determination for abuse of discretion. Goza v. Commissioner, supra at 181-182. The Court has described the abuse of discretion standard as meaning "arbitrary, capricious, or without sound basis in fact or law." Giamelli v. Commissioner, supra at 111 (citing Woodral v. Commissioner, 112 T.C. 19, 23 (1999)). In reviewing for abuse of discretion, we generally consider "only arguments, issues, and other matter that were raised at the collection hearing or otherwise brought to the attention of the Appeals Office." Magana v. Commissioner, 118 T.C. 488, 493 (2002); cf. Hoyle v. Commissioner, 131 T.C. 197 (2008) (an Appeals officer must verify compliance with applicable

law under section 6330(c)(1) regardless of whether the taxpayer raised the issue at the Appeals hearing).  Any issue not raised is now deemed to be conceded.  See Rule 331(b)(4) ("Any issue not raised in the assignments of error shall be deemed to be conceded.").  Although special circumstances might cause us to depart from this approach, we are unable to discern any such circumstances in the present case.

Petitioner participated in a telephonic hearing on October 17, 2008.  During the hearing petitioner wanted to discuss the possibility of entering into an installment agreement.  However, petitioner had not submitted financial information and, at that time, petitioner had not filed a tax return for 2007.[5]  This Court has consistently held, as have other courts, that a determination that a taxpayer is not entitled to a collection alternative does not constitute an abuse of discretion if the taxpayer did not provide financial information during the administrative hearing and was not currently in compliance with Federal tax laws, i.e., had not filed all required tax returns.  E.g., Olsen v. United States, 414 F.3d 144 (1st Cir. 2005) (no abuse of discretion in rejecting an offer-in-compromise when the

_____

[5]  The notice of determination indicates that petitioner's 2007 Federal income tax return was filed delinquently in November 2008.  This return shows an amount due as a result of petitioner's failure to have income tax withheld from his paychecks and his failure to make quarterly estimated tax payments.  Respondent assessed tax, penalty, and statutory interest.

taxpayer failed to provide financial information during the administrative hearing); Willis v. Commissioner, T.C. Memo. 2003-302 (no abuse of discretion because taxpayer failed to provide sufficient financial documentation); Moorhous v. Commissioner, T.C. Memo. 2003-183 (no abuse of discretion because current financial information was not provided by the taxpayer during the administrative hearing); cf. Vinatieri v. Commissioner, 133 T.C. __ (2009) (release of levy required despite noncompliance with filing required returns when Commissioner acknowledged that taxpayer had demonstrated financial hardship).

Furthermore, the settlement officer's refusal to grant additional time to complete the financial information was not an abuse of discretion, as his approach was not inconsistent with IRS guidelines. See Dinino v. Commissioner, T.C. Memo. 2009-284. "There is no requirement that the Commissioner wait a certain amount of time before making a determination as to a proposed [collection procedure]". Gazi v. Commissioner, T.C. Memo. 2007-342. "Appeals will, however, attempt to conduct a CDP hearing and issue a Notice of Determination as expeditiously as possible under the circumstances." Sec. 301.6330-1(e)(3), Q&A-E9, Proced. & Admin. Regs. Both the letter from Ms. Landers dated September 2, 2008, and the letter from Mr. Cummings dated October 3, 2008, requested that petitioner submit financial information so that a collection alternative could be considered.

In addition, petitioner received a de facto extension of time, as it is the policy of the Appeals Office to consider financial information submitted past the deadline and up to the time of the issuance of the notice of determination. See <u>Dinino v. Commissioner</u>, <u>supra</u>; 4 Administration, Internal Revenue Manual (CCH) pt. 8.22.2.2.4.11(1)(c), at 27,997-373 (Oct. 30, 2007). Thus, petitioner had until the notice of determination was issued on February 2, 2009, i.e., more than 15 weeks after his request for more time during the administrative hearing on October 17, 2009.

We conclude that there are no genuine issues of material fact for trial and that respondent's determination to proceed with collection was not an abuse of discretion.

## Conclusion

Finally, in reaching the conclusions described herein, we have considered all arguments made by petitioner, and, to the extent not mentioned above, we find them to be moot, irrelevant, or without merit.

To reflect the foregoing,

An appropriate order and decision will be entered granting respondent's motion for summary judgment and denying petitioner's cross-motion for summary judgment.