T.C. Memo. 2020-82

UNITED STATES TAX COURT

ALEXANDER STRASHNY AND LAURA STRASHNY, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13836-19L.                              Filed June 11, 2020.

<u>Jeremy M. Vaida</u> and <u>Michael Y. Goldberg</u>, for petitioners.

<u>Ryan Z. Sarazin</u>, for respondent.

MEMORANDUM OPINION

LAUBER, <u>Judge</u>:  In this collection due process (CDP) case, petitioners

seek review pursuant to section 6330(d)(1)[1] of a determination by the Internal

_____

[1]All statutory references are to the Internal Revenue Code in effect at all
relevant times, and all Rule references are to the Tax Court Rules of Practice and
Procedure.  We round all monetary amounts to the nearest dollar.

**[*2]** Revenue Service (IRS or respondent) to uphold collection action. The parties have filed cross-motions for summary judgment under Rule 121. We find no disputes of material fact and conclude that the settlement officer (SO) did not abuse her discretion in sustaining the proposed collection action. We will accordingly grant respondent's motion and deny petitioners' cross-motion.

## Background

The following facts are based on the parties' pleadings and motion papers, including the attached affidavits and exhibits. Petitioners resided in Maryland when they timely petitioned this Court.

Petitioners filed a timely Federal income tax return for 2017 but did not pay the tax shown as due. On June 4, 2018, the IRS assessed the amount shown as due along with an addition to tax for failure to pay. On July 24, 2018, petitioners sent the IRS via certified mail a Form 9465, Installment Agreement Request, proposing to pay their 2017 tax liability in installments over a six-year period. They attached a completed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals. The Form 9465 was delivered to the IRS on Friday, July 27, 2018, and the IRS recorded petitioners' request as pending the following Monday, July 30, 2018.

**[\*3]**  As of December 2018 petitioners' outstanding liability for 2017 (including interest) exceeded $1.1 million.  On December 17, 2018, in an effort to collect this unpaid liability, the IRS sent petitioners a Notice CP90, Intent to Seize Your Assets and Notice of Your Right to a Hearing.  Petitioners timely requested a CDP hearing, expressing interest in an installment agreement (IA) and attaching a copy of their previously submitted Forms 433-A and 9465.  They did not check the box indicating that they could not pay the balance, and they did not dispute their underlying liability for 2017.

The case was assigned to an SO in the IRS Appeals Office in Baltimore, Maryland.  After reviewing petitioners' administrative file the SO confirmed that their 2017 liability had been properly assessed and that all other requirements of applicable law and administrative procedure had been met.  On April 17, 2019, she sent petitioners a letter scheduling a conference for May 29, 2019.  She reviewed their Form 433-A, which showed that they owned substantial investment assets, consisting chiefly of cryptocurrency.

Before the scheduled conference the SO received from petitioners' representative a copy of their 2018 tax return, which reported wages exceeding $200,000, and investment statements showing cryptocurrency assets valued over $7 million.  During the conference the SO noted that petitioners were currently

**[\*4]** withdrawing $19,000 per month from their cryptocurrency account, and she asked why they could not liquidate or borrow against those assets in order to discharge their tax liability in full. Petitioners' representative said he would discuss that point with them and get back to her. The SO emphasized that petitioners could not qualify for an IA if they had the current ability to pay their tax liability in full and simply chose not to do so.

Petitioners' representative contended that the IRS should not have issued the notice of intent to levy while their Form 9465 request was pending. The SO replied that no levy action would be taken until she had addressed their request for an IA. Once that request was formally rejected, however, the SO indicated that levy action would be appropriate 30 days after the rejection.

The SO had a second call with petitioners' representative on June 3, 2019. The representative supplied no evidence that petitioners were unable to draw on their cryptocurrency account to pay their liability. But he insisted that they could still qualify for an IA by agreeing to pay their liability in full over a six-year period. The SO replied that this six-year rule applies only where a taxpayer lacks the ability to pay the entire liability currently. The representative subsequently spoke with the SO's manager, who confirmed her analysis.

**[\*5]** On June 25, 2019, the IRS issued a notice of determination sustaining the proposed levy, rejecting petitioners' request for an IA, and stating that "[l]evy action is permitted 30 days after the rejection." Petitioners timely petitioned this Court for review. On February 13, 2020, the parties filed cross-motions for summary judgment.

## Discussion

A.  Summary Judgment Standard and Standard of Review

The purpose of summary judgment is to expedite litigation and avoid costly, unnecessary, and time-consuming trials. See FPL Grp., Inc. & Subs. v. Commissioner, 116 T.C. 73, 74 (2001). We may grant summary judgment when there is no genuine dispute of material fact and a decision may be rendered as a matter of law. Rule 121(b); Elec. Arts, Inc. & Subs. v. Commissioner, 118 T.C. 226, 238 (2002). The parties agree on all questions of basic fact and have expressed that consensus by filing cross-motions for summary judgment. We conclude that this case is appropriate for summary adjudication.

Section 6330(d)(1) does not prescribe the standard of review that this Court should apply in reviewing an IRS administrative determination in a CDP case. The general parameters for such review are marked out by our precedents. Where

**[*6]** (as here) there is no dispute as to the taxpayer's underlying tax liability,[2] we review the IRS decision for abuse of discretion. Goza v. Commissioner, 114 T.C. 176, 182 (2000). Abuse of discretion exists when a determination is arbitrary, capricious, or without sound basis in fact or law. See Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006).

B.    Abuse of Discretion

In reviewing the SO's determinations we consider whether she: (1) properly verified that the requirements of applicable law or administrative procedure have been met, (2) considered any relevant issues petitioners raised, and (3) considered "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of * * * [petitioners] that any collection action be no more intrusive than necessary." See sec. 6330(c)(3). Our review of the record establishes that the SO properly discharged all of her responsibilities under section 6330(c).

---

[2]Petitioners did not dispute their underlying liability during the CDP hearing, although they were apparently entitled to do so. See sec. 6330(c)(2)(B); Montgomery v. Commissioner, 122 T.C. 1, 8-9 (2004). A taxpayer must properly present an underlying liability challenge at the CDP hearing in order to preserve that challenge for judicial review. See Giamelli v. Commissioner, 129 T.C. 107, 113 (2007); sec. 301.6320-1(f)(2), Q&A-F3, Proced. & Admin. Regs.

**[\*7]** Section 6159 authorizes the Commissioner to enter into an IA if he determines that it will facilitate full or partial collection of a taxpayer's unpaid liability. See Thompson v. Commissioner, 140 T.C. 173, 179 (2013). Subject to exceptions not relevant here, the decision to accept or reject an IA lies within the Commissioner's discretion. See Rebuck v. Commissioner, T.C. Memo. 2016-3; Kuretski v. Commissioner, T.C. Memo. 2012-262, aff'd, 755 F.3d 929 (D.C. Cir. 2014); sec. 301.6159-1(a), (c)(1)(i), Proced. & Admin. Regs. We will not substitute our judgment for the SO's, recalculate the taxpayer's ability to pay, or independently determine what would be an acceptable offer. See Thompson, 140 T.C. at 179; Lipson v. Commissioner, T.C. Memo. 2012-252.

In considering a taxpayer's qualification for an IA, an SO does not abuse her discretion by following guidelines set forth in the Internal Revenue Manual (IRM). See Orum v. Commissioner, 123 T.C. 1, 13 (2004), aff'd, 412 F.3d 819 (7th Cir. 2005); Miss Laras Dominion Inc. v. Commissioner, T.C. Memo. 2012-203. The IRM provides that, in the absence of special circumstances such as old age, ill health, or economic hardship, a taxpayer must liquidate assets in order to qualify for an IA. IRM pt. 5.14.1.4(5) (Sept. 19, 2014); see Hosie v. Commissioner, T.C. Memo. 2014-246 (finding no abuse of discretion when an SO rejected an IA because the taxpayers declined to liquidate assets).

**[*8]** The SO concluded that petitioners were ineligible for an IA after determining that they could fully satisfy their tax liability by liquidating a portion of (or borrowing against) their cryptocurrency assets. Petitioners made no showing of economic hardship or other special circumstances: They reported annual wages exceeding $200,000 and were withdrawing an additional $19,000 per month (or $228,000 annually) from their cryptocurrency account. They supplied no evidence that they were unable to withdraw from that account sufficient additional sums to pay their tax liability in full. See IRM pt. 5.14.1.4.1(1) (Jan. 1, 2016) (stating that a taxpayer may be eligible for an IA under the six-year rule only if he "is unable to full pay immediately"). The SO therefore did not abuse her discretion in denying petitioners' request for an IA.

In their motion for summary judgment petitioners urge that the IRS erred in issuing the notice of intent to levy while their Form 9465 request for an IA was pending. In so contending they rely on section 6331(k)(2), which provides that no levy shall be made while a taxpayer's request for an IA "is pending with the Secretary" or (if such request is rejected) "during the 30 days thereafter." See also IRM pt. 5.14.1.5 (Mar. 4, 2011). But while section 6331(k)(2) "bars the IRS * * * from making a levy" during this period, "it does not bar the IRS from issuing notices of intent to levy." Eichler v. Commissioner, 143 T.C. 30, 37 (2014). Unlike a levy

[*9] itself, a "notice of intent to levy * * * is merely preliminary to a collection action, rather than a collection action barred by section 6331(k)(2)." Id. at 38.

Here, the SO properly concluded that petitioners' submission of a Form 9465 in July 2018 did not bar the IRS from issuing the Notice CP90 in December 2018. See id. at 39 (holding that the IRS was not precluded from issuing a Notice CP90 after the taxpayer had submitted an IA request). The notice of determination stated, consistently with section 6331(k)(2), that "[l]evy action is permitted 30 days after the rejection of the installment agreement proposal."

Finally, petitioners contend that the IRS failed to comply with an IRM provision stating that a taxpayer's request for an IA should be recorded within 24 hours of receipt. See IRM pt. 5.14.1.3(3) (July 16, 2018). This provision is apparently designed to prevent inadvertent violations of section 6331(k)(2) by ensuring prompt posting of IA requests.

Petitioners cite nothing in the record to show that the IRS failed to meet this 24-hour timeframe. Petitioners mailed the Form 9465 on July 24, 2018, and the certified mail receipt shows it as having been delivered on Friday, July 27, 2018. The IRS recorded their IA request (after the intervening weekend) on Monday, July 30, 2018. Any error by the IRS in this respect was harmless in any event: No levy in violation of section 6331(k)(2) occurred, and petitioners received full con-

**[\*10]** sideration of their IA proposal during the CDP hearing.  Because we conclude that the SO did not abuse her discretion in rejecting the IA, remand for a supplemental hearing would serve no useful purpose.  See Burke v. Commissioner, 124 T.C. 189, 194 n.5 (2005); Kemper v. Commissioner, T.C. Memo. 2003-195, 86 T.C.M. (CCH) 12, 16.  Finding no abuse of discretion in this or any other respect, we will grant summary judgment for respondent and deny petitioners' cross-motion.

To reflect the foregoing,

An order and decision will be entered for respondent.