# United States Tax Court

T.C. Memo. 2025-36

CLARK J. GEBMAN AND REBECCA GEBMAN,
Petitioners

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 6912-23L.                                        Filed April 17, 2025.

————

Clark J. Gebman and Rebecca Gebman, pro sese.

*Jane J. Kim* and *Mimi M. Wong*, for respondent.

## MEMORANDUM OPINION

LAUBER, *Judge*:  In this collection due process (CDP) case, petitioners seek review pursuant to sections 6320(c) and 6330(d)(1)[1] of the determinations by the Internal Revenue Service (IRS or respondent) to uphold collection actions for 2007–2010 and 2012–2014.  Respondent has filed a Motion for Summary Judgment under Rule 121, contending that the settlement officer (SO) did not abuse her discretion in sustaining the collection actions.  Agreeing with respondent on that point, we will grant his Motion.

---

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, regulation references are to the Code of Federal Regulations, Title 26 (Treas. Reg.), in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure.  We round all monetary amounts to the nearest dollar.

**[*2]**                    *Background*

The following facts are based upon the parties' pleadings, respondent's Motion papers, petitioners' Response to the Motion, and the certified administrative record of the CDP proceeding. *See* Rule 121(c). Petitioners resided in New York when they timely petitioned this Court.

I.    *Petitioners' Tax Liabilities*

The IRS examined petitioners' joint Federal income tax returns for 2007–2010 and 2012–2014 and issued them timely Notices of Deficiency for all seven years. They timely petitioned this Court in 2012 and 2016, and the cases were consolidated. *See Gebman v. Commissioner*, Nos. 15941-12 and 13905-16. On January 2, 2020, the Court issued an opinion sustaining the deficiencies and accuracy-related penalties determined in the Notices of Deficiency. *See Gebman v. Commissioner*, T.C. Memo. 2020-1, 119 T.C.M. (CCH) 1001, 1006. We also held that Mrs. Gebman was not entitled to "innocent spouse" relief under section 6015 with respect to any of the tax liabilities.

On September 17, 2021, in an effort to collect the liabilities described above, the IRS filed a Notice of Federal Tax Lien (NFTL) with respect to all seven years. On September 23, 2021, the IRS sent petitioners a Letter 3172, Final Notice of Federal Tax Lien Filing and Your Right to a Hearing (lien notice). The lien notice attached a copy of the NFTL and explained that it "attaches to all property you currently own and to all property you may acquire in the future." On October 1, 2021, the IRS issued each petitioner, again with respect to all seven tax years, a Notice of Intent to Levy and Your Right to a Hearing (levy notice). As of October 2021, petitioners' outstanding liabilities for the seven years exceeded $800,000.

II.   *CDP Hearing*

Petitioners timely submitted Form 12153, Request for a Collection Due Process or Equivalent Hearing, with respect to the lien and levy notices. They checked the boxes for "Lien Withdrawal" and "Innocent Spouse Relief," but they failed to attach a completed Form 8857, Request for Innocent Spouse Relief, asserting that the form was "N/A in the record." In an attached letter petitioners stated that "[w]e cannot pay our tax bill as presented" and requested that "full present and future liability" be assigned to Mr. Gebman.

**[\*3]**   The case was assigned to an SO from the IRS Independent Office of Appeals (Appeals).  The SO reviewed petitioners' file and verified that all requirements of applicable law and administrative procedure had been satisfied.  On October 20, 2022, the SO sent petitioners a letter scheduling a teleconference for November 16, 2022.  The letter noted that the proposed conference would be petitioners' main opportunity to explain why they disagreed with the collection actions and discuss collection alternatives.  The SO explained that she would be unable to consider a collection alternative unless petitioners sent her a completed Form 433–A, Collection Information Statement for Wage Earners and Self-Employed Individuals, with supporting financial information.  The SO likewise explained that she could not consider withdrawal of the lien without a written statement explaining the hardship it imposed on petitioners.

Mr. Gebman contacted the SO before the hearing on November 7, 2022, about the availability of an offer-in-compromise (OIC) or an installment agreement (IA).  The SO informed him that Appeals could not consider any collection alternative unless petitioners supplied a completed Form 433–A, and that Appeals could not consider an OIC unless petitioners supplied a completed Form 656, Offer in Compromise.  The SO likewise informed him that petitioners needed to submit Form 8857 to be considered for innocent spouse relief.  The record shows that petitioners never submitted Form 8857 and did not raise this issue again during the CDP hearing.[2]

On November 16, 2022, Mr. Gebman contacted the SO to ask that the conference call be rescheduled.  During this conversation the SO reiterated that she could not consider the collection alternatives petitioners requested unless they submitted Forms 433–A and/or 656.

The conference call ultimately occurred on February 9, 2023.  As of that date, petitioners had proposed no collection alternative, had neglected to submit Form 433–A or 656, and had submitted no financial

---

[2] Petitioners' pleadings are not a model of clarity, and it is unclear whether they continue to advance a claim to "innocent spouse" relief.  In our 2020 opinion we held that Mrs. Gebman was not entitled to such relief for any of the tax years at issue.  *See Gebman*, 119 T.C.M. (CCH) at 1004–05.  In any event, the SO repeatedly told petitioners that they needed to submit Form 8857 if they requested such relief, but they never submitted that Form.  *See* Treas. Reg. § 301.6330-1(f)(2), Q&A-F3 ("An issue is not properly raised . . . if consideration is requested but the taxpayer fails to present to Appeals any evidence with respect to that issue after being given a reasonable opportunity to [do so].").  As a result, no "innocent spouse" claim is properly before us.

**[\*4]** information of any kind.  Mr. Gebman indicated that unrelated legal matters were complicating his ability to provide financial information.  The SO explained that she could not consider a collection alternative without receiving information about petitioners' ability to pay.  She advised that, if petitioners wished to pursue a collection alternative at that time, they needed to submit the requisite information by February 21, 2023, or the case would be closed.  On March 20, 2023, having heard nothing from petitioners, the SO closed the case.

On March 22, 2023, Appeals issued a Notice of Determination sustaining the NFTL filing and the levy notice.  It explained that petitioners had not challenged their underlying tax liabilities and had declined to supply the financial information necessary for her to consider a collection alternative.

Petitioners timely petitioned this Court for review.  On November 4, 2024, respondent filed a Motion for Summary Judgment, contending that there are no disputes of material fact and that the SO did not abuse her discretion in sustaining the proposed levy and the NFTL filing.  Petitioners' Response to the Motion devotes no attention to the relevant factual and legal issues, making only vague and unsupported allegations about supposed violations of their due process rights.

*Discussion*

I.    *Summary Judgment Standard*

The purpose of summary judgment is to expedite litigation and avoid unnecessary and time-consuming trials.  *FPL Grp., Inc. & Subs. v. Commissioner*, 116 T.C. 73, 74 (2001).  We may grant summary judgment when there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law.  Rule 121(a)(2); *Sundstrand Corp. v. Commissioner*, 98 T.C. 518, 520 (1992), *aff'd*, 17 F.3d 965 (7th Cir. 1994).  In deciding whether to grant summary judgment, we construe factual materials and inferences drawn from them in the light most favorable to the nonmoving party.  *Sundstrand Corp.*, 98 T.C. at 520.  We find that there exist no genuine disputes of material fact and that summary adjudication is appropriate.

II.   *Standard of Review*

Neither section 6320(c) nor section 6330(d)(1) prescribes the standard of review that this Court should apply in reviewing an IRS administrative determination in a CDP case.  The general parameters

[*5] for such review are marked out by our precedents. Where the taxpayer's underlying liability is not properly in dispute, we review the IRS's determination for abuse of discretion only. *Jones v. Commissioner*, 338 F.3d 463, 466 (5th Cir. 2003); *Goza v. Commissioner*, 114 T.C. 176, 182 (2000). Abuse of discretion exists when a determination is arbitrary, capricious, or without sound basis in fact or law. *See Murphy v. Commissioner*, 125 T.C. 301, 320 (2005), *aff'd*, 469 F.3d 27 (1st Cir. 2006).

Taxpayers may challenge their underlying tax liabilities at a CDP hearing only if they did not receive a statutory notice of deficiency for those liabilities or did not otherwise have an opportunity to dispute them. § 6330(c)(2)(B). Petitioners received Notices of Deficiency for tax years 2007–2010 and 2012–2014 and challenged respondent's determinations in the cases at docket Nos. 15941-12 and 13905-16. We entered decisions for respondent in those cases, and those decisions are now final. *See* § 7481(a). Because petitioners had (and availed themselves of) a prior opportunity to challenge the tax liabilities at issue, we review the SO's determinations for abuse of discretion only. *See* § 6330(c)(3); *Goza*, 114 T.C. at 182.

III.   *Abuse of Discretion*

In deciding whether the SO abused her discretion, we consider whether she (1) properly verified that the requirements of applicable law or administrative procedure were met, (2) considered relevant issues petitioners raised, and (3) considered "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of [petitioners] that any collection action be no more intrusive than necessary." *See* § 6330(c)(3); *see also* § 6320(c). Our review of the record establishes that the SO properly discharged all her responsibilities under these provisions.

A.   *Collection Alternatives*

At their CDP hearing petitioners were entitled to make offers of collection alternatives, including an OIC or an IA. *See* § 6330(c)(2) and (3). But petitioners did not propose either form of relief. An Appeals officer does not abuse her discretion by not considering an OIC if the taxpayer fails to submit a completed Form 656. *See Gentile v. Commissioner*, T.C. Memo. 2013-175, 106 T.C.M. (CCH) 75, 77, *aff'd*, 592 F. App'x 824 (11th Cir. 2014). And it is not an abuse of discretion for an SO to decline to consider an IA where the taxpayer does not place a specific proposal on the table. *Rebuck v. Commissioner*, T.C. Memo. 2016-3,

**[\*6]** 111 T.C.M. (CCH) 1010, 1014. Even if petitioners had proposed a collection alternative, the SO could properly have rejected it because they failed to submit a Form 433–A supported by relevant financial information. *See Coleman v. Commissioner*, T.C. Memo. 2010-51, 99 T.C.M. (CCH) 1213, 1215, *aff'd*, 420 F. App'x 663 (8th Cir. 2011).

The record shows that petitioners were clearly informed of, and were given ample opportunities to submit, the requisite forms and financial data. On October 20, 2022, the SO instructed petitioners to submit Forms 656 and 433–A, and she reiterated this request during telephone calls on November 7 and 16, 2022. She ultimately set a deadline of February 21, 2023, to submit an offer, warning that the case would otherwise be closed.

Petitioners did not respond by the February 21, 2023, deadline or subsequently. On March 20, 2023, the SO closed the case. We have consistently held that it is not abuse of discretion for an SO to close a case after receiving no response from the taxpayers. *See McAvey v. Commissioner*, T.C. Memo. 2018-142, 116 T.C.M. (CCH) 245, 249; *Scholz v. Commissioner*, T.C. Memo. 2015-2, 109 T.C.M. (CCH) 1007, 1009 ("When an SO gives a taxpayer an adequate period of time in which to respond, it is not an abuse of discretion for the SO to move ahead after encountering radio silence from the taxpayer."); *Shanley v. Commissioner*, T.C. Memo. 2009-17, 97 T.C.M. (CCH) 1062, 1066 (finding no abuse of discretion where Appeals closed the case after the taxpayer failed to respond to a 14-day deadline).

B.    *Lien Withdrawal*

Petitioners contend that the SO abused her discretion in declining to withdraw the NFTL. Section 6323(j) authorizes withdrawal if (1) "the filing of such notice was premature or otherwise not in accordance with administrative procedures," (2) the taxpayer has entered into an IA that renders the NFTL unnecessary, (3) withdrawal of the NFTL "will facilitate the collection of the tax liability," or (4) withdrawal of the NFTL "would be in the best interests of the taxpayer (as determined by the National Taxpayer Advocate) and the United States." § 6323(j)(1).

In their CDP hearing request, petitioners checked the box requesting "withdrawal." But they did not articulate any grounds to support lien withdrawal or submit any evidence that would justify it. Even if petitioners could demonstrate that they were eligible for lien withdrawal, "[s]ection 6323(j)(1) is permissive, and nothing in it requires [the

**[\*7]** IRS] to withdraw the NFTL." *See Berkery v. Commissioner*, T.C. Memo. 2011-57, 101 T.C.M. (CCH) 1258, 1260; Treas. Reg. § 301.6323(j)-1(c) ("If the Commissioner determines conditions for withdrawal [of an NFTL] are present, the Commissioner may (but is not required to) authorize the withdrawal."). For all these reasons, the SO did not abuse her discretion in declining to withdraw the NFTL.

Finding no abuse of discretion in any respect, we will grant respondent's Motion for Summary Judgment and sustain the proposed collection actions. In their Response to the Motion for Summary Judgment, petitioners appear to make an offer to compromise the tax liabilities at issue. Any such offer must be submitted to the IRS, not to this Court. We note that petitioners are free to submit to the IRS at any time, for its consideration and possible acceptance, a collection alternative in the form of an IA or an OIC, supported by the requisite financial information.

To reflect the foregoing,

*An appropriate order and decision will be entered for respondent.*