T.C. Memo. 2000-100

UNITED STATES TAX COURT

RONNA JOAN ROBERTSON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3183-98.                    Filed March 24, 2000.

Ronna Joan Robertson, pro se.

<u>Guy H. Glaser</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GERBER, <u>Judge</u>:  In a notice of deficiency addressed to
petitioner, respondent determined deficiencies and additions to
tax as follows:

| Year | Deficiency | Additions to Tax | |
| | | Sec. 6651(a) | Sec. 6654(a) |
| 1993 | $8,740 | $2,185 | $366.16 |
| 1994 | 2,143 | 450 | --- |

After concessions,[1] the issues for our consideration are: (1) Whether petitioner is entitled to any Schedule A itemized deductions for the taxable years 1993 and 1994; (2) whether petitioner is liable for additional tax under section 72[2] in 1993 and 1994 for premature distributions of $35,000 and $8,717.32, respectively, from individual retirement accounts; and (3) whether petitioner is liable for additions to tax under section 6651(a) for 1993 and 1994 or under section 6654(a) for 1993.

## FINDINGS OF FACT[3]

Petitioner resided at 318 Georgia Circle, Placentia, California, during the tax years at issue and at the time her petition was filed. Petitioner was born on January 18, 1941. Petitioner was employed as a flight attendant for Trans World Airlines (TWA) from September 1963 until she voluntarily left in March 1991. During the 1993 and 1994 taxable years, petitioner maintained a joint checking account at First Interstate Bank with her sister, Alexandra Robertson, and her mother, Joanne Robertson.

---

[1] During trial, petitioner conceded all of the unreported income issues set forth in the two notices of deficiency.

[2] Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[3] The stipulation of facts and exhibits attached thereto are incorporated herein by this reference.

Petitioner filed Federal income tax returns for the taxable years prior to 1993, but she did not file Federal income tax returns for the taxable years ended December 31, 1993 or 1994. Petitioner did, however, file an extension with the Internal Revenue Service (IRS) for the 1993 taxable year. Petitioner chose not to file 1993 or 1994 Federal income tax returns because she ran out of money and was employed only part-time during those years. Petitioner also decided not to file tax returns for those years in protest over a dispute she was having with the IRS concerning some FICA overwithholding by her former employer, TWA, for the 1988 taxable year. In November of either 1992 or 1993, petitioner consulted Mr. Henschel, a tax attorney, about filing a Federal income tax return for the 1993 year.

During the 1993 taxable year, petitioner received $35,000 in taxable distributions from two qualified individual retirement accounts (IRA's), and, during the 1994 taxable year, petitioner received another taxable distribution in the amount of $8,717.32 from one of her qualified IRA's. No portion of the 1993 or 1994 distributions was rolled over into another plan or account, was made on or after the date on which petitioner attained the age of 59-1/2, was made to petitioner after attaining the age of 55 years, or was made pursuant to a qualified domestic relations order. Petitioner did not incur any qualified higher education expenses in 1993 or 1994 and was not a first-time home buyer in

either 1993 or 1994. Petitioner was aware that the withdrawals from her qualified IRA's would be taxable to her, but she withdrew the money in order to subsist and to help her family.

For the 1993 taxable year, Transworld Mortgage Corp. issued petitioner and her sister, Adrianna, a Form 1098 Mortgage Interest Statement reporting the payment of $8,189.68 in deductible mortgage interest. For the 1994 taxable year, Transworld Mortgage Corp. issued petitioner and Adrianna a Form 1098 Mortgage Interest Statement reporting the payment of $7,386.58 in deductible mortgage interest.

After the trial, the record remained open to give petitioner an opportunity to submit additional evidence in order to substantiate certain additional Schedule A itemized deductions. Petitioner submitted documentation regarding medical expenses, real property taxes, automobile fees, corporate organizational expenses, and interest expenses. Specifically, in 1993 and 1994, various doctors were paid $1,501.74 and $631.14, respectively, from a joint checking account that petitioner maintained with her mother and her sister. Petitioner paid $1,866.81 and $1,910.13 in 1993 and 1994, respectively, in real property taxes. In 1993 and 1994, respectively, payments of $379.95 and $236.95 were made to the California Department of Motor Vehicles (DMV) for registration fees and smog certification fees. Petitioner also paid the California DMV $93 in 1994 for an automobile sales

license.  Petitioner paid $403.95 in 1994 for expenses relating to a Delaware corporation of which she was a shareholder. Finally, petitioner paid interest of $481.65 and $118.19 in 1993 and 1994, respectively, on a personal loan for an automobile.

OPINION

We must decide whether petitioner (1) is entitled to any Schedule A itemized deductions for the 1993 and 1994 taxable years; (2) is liable for additional tax under section 72; and (3) is liable for any additions to tax under section 6651(a) or 6654(a).

## I.  Schedule A Itemized Deductions

Deductions are a matter of legislative grace, and petitioner bears the burden of proving that she is entitled to the deductions she is claiming.  See Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435 (1934).  Taxpayers are required to maintain records that are sufficient to enable the Commissioner to determine their correct tax liability.  See sec. 6001; Meneguzzo v. Commissioner, 43 T.C. 824, 831-832 (1965); sec. 1.6001-1(a), Income Tax Regs.  Moreover, a taxpayer who is claiming a deduction bears the burden of substantiating the amount and purpose of the item claimed.  See Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976); sec. 1.6001-1(a), Income Tax Regs.

A.  Medical and Dental Expenses

Section 213(a) permits a deduction for expenses paid during the taxable year for medical care of the taxpayer, his or her spouse, or a dependent (as defined in section 152), to the extent such expenses exceed 7.5 percent of adjusted gross income and to the extent such expenses are not compensated for by insurance or otherwise.

Petitioner claims that she is entitled to medical expense deductions of $1,501.74 and $631.14 for the 1993 and 1994 taxable years, respectively.  During 1993 and 1994, petitioner maintained a joint bank account at First Interstate Bank with her mother, Joanne Robertson, and her sister, Alexandra Robertson. Petitioner submitted into evidence numerous canceled checks from this joint bank account payable for medical and dental expenses in 1993 and 1994.  For the years in issue, only one check--check number 8390, dated October 14, 1993, in the amount of $42--bears petitioner's signature.  The remainder of the checks submitted by petitioner bear the signature of either petitioner's mother or petitioner's sister, a strong indicator that these payments were not made for expenses incurred by petitioner.[4]

---

[4] While deductions are permitted for medical expenses paid for a dependent, petitioner has not produced any evidence that her mother or her sister was her dependent during the taxable years at issue.

More important, however, is the fact that all of the checks submitted by petitioner were issued from a joint bank account. Petitioner has failed to produce any evidence describing the contributions or deposits made by petitioner, petitioner's mother, and petitioner's sister to the joint bank account. Thus, it is unclear which of the joint account holders actually paid for these medical expenses. Accordingly, petitioner has not shown entitlement to medical and dental deductions for 1993 or 1994.

B. Real Property Taxes

Section 164(a)(1) provides that taxpayers are entitled to a deduction for real property taxes paid during the taxable year. During 1993 and 1994, petitioner resided in and owned a home at 318 Georgia Circle, Placentia, California,[5] and paid real property taxes of $1,866.81 and $1,910.13 in 1993 and 1994, respectively. Accordingly, petitioner is entitled to deduct these amounts as real property taxes on her 1993 and 1994 Federal income tax returns.

C. Personal Property Taxes

Section 164(a)(2) permits deductions for State and local property taxes. Under section 164(b)(1), property taxes are

---

[5] Respondent states in his brief that this house was jointly owned by petitioner and other members of petitioner's immediate family, including her sisters and mother. There is no evidence of this in the record, however.

defined as an ad valorem tax that is imposed on an annual basis in respect of personal property. Thus, an ad valorem auto license fee is deductible as a personal property tax, whereas an annual flat registration fee is not deductible. See sec. 164(a)(2); Mann v. Commissioner, T.C. Memo. 1975-74; sec. 1.164-3(c), Income Tax Regs. In 1993 and 1994, respectively, petitioner and/or her family members paid $268 and $207 in fees to the California DMV for the registration and licensing of four different vehicles. The record does not indicate what portion of these fees was an annual flat registration fee. Respondent, however, conceded that all of these DMV registration fees are ad valorem taxes.[6]

After respondent's concession, the only remaining issue regarding these DMV registration fees is whether they were imposed on petitioner. Generally, personal property taxes are only deductible by the taxpayer upon whom they are imposed. See sec. 1.164-1(a), Income Tax Regs. Thus, in order to be entitled to these deductions, petitioner bears the burden of establishing ownership of the vehicles in question. See Rule 142(a). During 1993 and 1994, only two of the cars for which petitioner is attempting to deduct DMV registration fees were actually

---

[6] Petitioner also contends that she is entitled to deduct smog certification expenses and driver's license renewal fees. These expenses, however, are not ad valorem fees and are therefore not deductible by petitioner.

registered in petitioner's name (the 1986 Pontiac and the 1974 Pontiac). Thus, only the fees paid for the 1986 Pontiac ($131 in 1993 and $112 in 1994) and the 1974 Pontiac ($50 in 1993 and $50 in 1994) may be allowed as deductions by petitioner. Accordingly, petitioner is entitled to deductions of $181 and $162 for the 1993 and 1994 tax years, respectively, for personal property taxes.

    D.  Automobile Sales License

Section 162(a) generally allows a taxpayer to deduct all ordinary and necessary expenses incurred during the taxable year in carrying on a trade or business. An expense is ordinary if it is considered to be "normal, usual, or customary" in the context of the particular business out of which it arose. See Deputy v. du Pont, 308 U.S. 488, 495-496 (1940). A taxpayer's general statement that his or her expenses were incurred in pursuit of a trade or business normally is not sufficient to establish that the expenses had a reasonably direct relationship to that trade or business. See Ferrer v. Commissioner, 50 T.C. 177, 185 (1968), affd. per curiam 409 F.2d 1359 (2d Cir. 1969).

During the trial, petitioner alluded to the fact that she worked part-time for a used car dealer. Petitioner contends that she is therefore entitled to deduct the $93 that she paid to the California DMV for an automobile sales license. Petitioner, however, has failed to present any evidence establishing that a

license was required under California law.  In short, petitioner has failed to substantiate her claim for a deduction, and accordingly, no deduction is allowed for her automobile sales license.

    E.  <u>Interest Expense</u>

Section 163(a) provides a deduction for interest paid or incurred on indebtedness within the taxable year.  Not all interest incurred, however, is deductible.

In October 1989, petitioner borrowed $12,070.46 to purchase a 1986 Pontiac Grand Prix at a 12.5-percent interest rate.  In 1993 and 1994, petitioner paid $481.65 and $118.19, respectively, of interest on this loan.  Petitioner also paid $8,189.68 and $7,386.58 of mortgage interest during the 1993 and 1994 taxable years, respectively.  Section 163(h) denies taxpayers a deduction for personal interest paid or accrued during the taxable year unless it fits within certain narrowly prescribed categories. The interest paid by petitioner on her personal car loan during 1993 and 1994 is personal in nature and does not fall into one of the excepted categories.  Accordingly, petitioner is not entitled to deduct the interest paid on her personal car loan.  Section 163(h)(2)(D), however, allows a deduction for interest on a qualified residence.  Respondent concedes that petitioner is entitled to deductions for the interest paid on the mortgage for petitioner's home during the 1993 and 1994 taxable years.

Accordingly, petitioner is entitled to deduct the mortgage interest paid in 1993 and 1994.

F. <u>Delaware Corporation Startup Expenses</u>

Petitioner contends that she is allowed to deduct Delaware corporation startup expenses and submitted documentation concerning a corporation known as Worldly Connections, Inc. The documentation submitted indicates that in January 1994 petitioner paid $248.95 for Delaware State filing fees, registered agent fees, a corporate kit, and basic mail forwarding service. Petitioner also remitted an additional $155 in November 1994 for advanced payment of agent fees and renewal filing fees.

Section 248 permits a corporation to elect to amortize on its corporation income tax return its organizational expenditures over a period of 60 months or more from the month in which the corporation began business. The term "organizational expenditures" is defined to mean any expenditure that is (1) incident to the creation of the corporation; (2) chargeable to a capital account; and (3) of a character that, if expended incident to the creation of a corporation having a limited life, would be amortizable over such life. Sec. 248(b).

Organizational costs that are paid by the shareholder of a corporation do not normally qualify for amortization under section 248 but, instead, must be capitalized as part of the shareholder's stock basis. Cf., e.g., <u>Deputy v. du Pont</u>, <u>supra</u>;

Woodward v. Commissioner, 397 U.S. 572 (1970); United States v. Hilton Hotels Corp., 397 U.S. 580 (1970). Accordingly, the organizational expenses of Worldly Connections, Inc., paid by petitioner are not deductible on petitioner's 1994 Federal income tax return.

Similarly, to the extent that petitioner paid any additional expenses for Worldly Connections, Inc., during the 1994 taxable year out of her own pocket (e.g., $155), these expenses should also be considered contributions of capital and are nondeductible to petitioner on her individual Federal income tax return. See Deputy v. du Pont, supra.

II. Section 72(t) Tax

Section 72(t) imposes an additional 10-percent tax on the amount of an early distribution from a qualified retirement account (as defined in section 4974(c)). See sec. 72(t). Section 72(t)(2) provides for certain exceptions to the imposition of this 10-percent tax.

Petitioner received a $35,000 distribution in 1993 and a $8,717.32 distribution in 1994 from her IRA's, which are qualified retirement plans under section 4974(c)(4). Petitioner testified that she withdrew the money from her IRA's to provide for her own subsistence and that of her family. This is not one of the exceptions set forth in section 72(t)(2), and petitioner has failed to present evidence that would trigger any of the

statutory exceptions to the imposition of the 10-percent tax. Accordingly, petitioner is liable for the 10-percent additional tax on the $35,000 and $8,717.32 early distributions under section 72(t).

III.  Additions to Tax Under Sections 6651(a) and 6654(a)

We now address whether petitioner is liable for additions to tax under section 6651(a) for the 1993 and 1994 taxable years and under section 6654(a) for the 1993 taxable year.  Petitioner bears the burden of proving respondent's determination is in error.  See Rule 142(a).

Section 6012(a) requires the filing of income tax returns, section 6072(a) sets forth the due date, and section 6651(a)(1) imposes an addition to tax for failure to file a return timely. Pursuant to section 6651(a)(1), the addition to tax for failure to timely file a required income tax return is imposed "unless it is shown that such failure is due to reasonable cause and not due to willful neglect".

Petitioner regularly filed Federal income tax returns up to and through the 1992 taxable year.  Sometime in 1992 or 1993, petitioner consulted with a tax attorney regarding the filing of her tax return for the 1993 taxable year.  Subsequently, petitioner timely filed a request with the IRS seeking an extension of time to file her 1993 Federal income tax return.

Thus, it is clear that petitioner knew of her obligation to file tax returns.

Petitioner stated that the reason she did not file Federal income tax returns for the 1993 and 1994 taxable years was because she "ran out of money." Inability to pay, however, does not relieve a taxpayer of his or her obligation to properly and timely file an income tax return. See Bowden v. Commissioner, T.C. Memo. 1996-318 (taxpayer's alleged inability to pay tax was not reasonable cause for late filing). Petitioner also stated that she did not file her Federal income tax returns in protest over a dispute with the IRS concerning FICA overwithholding by her former employer, TWA, for the 1988 taxable year. The existence of a dispute or protest with the IRS does not constitute reasonable cause for not timely filing one's returns for subsequent years. See Glowinski v. Commissioner, 25 T.C. 934 (1956), affd. per curiam 243 F.2d 635 (D.C. Cir. 1957) (taxpayer's dispute with IRS concerning liability for prior tax years was not reasonable cause for not filing for year in question).

The fact that petitioner lacked the ability to pay the tax liability and the fact that petitioner was in disagreement with the Commissioner concerning a prior taxable year do not constitute reasonable cause for failing to file Federal income tax returns for the 1993 and 1994 tax years. Accordingly,

petitioner is liable for additions to tax under section 6651(a)(1).

Section 6654(a) requires the imposition of an addition to tax in the case of any underpayment of estimated tax by an individual. See <u>Estate of Ruben v. Commissioner</u>, 33 T.C. 1071, 1072 (1960). Section 6654(e) provides exceptions to the imposition of additions to tax under section 6654(a). Petitioner bears the burden of proving that one of these exceptions is applicable. Petitioner introduced no evidence as to the applicability of the exceptions provided under section 6654(e). Accordingly, petitioner is liable for the addition to tax under section 6654(a).

To reflect the foregoing,

<u>Decision will be entered under</u>

<u>Rule 155.</u>