T.C. Memo. 2003-183

UNITED STATES TAX COURT

DOROTHY MOORHOUS, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10761-00L.                    Filed June 24, 2003.

John Franklin Rodgers, for petitioner.

Jeffery E. Gold, for respondent.

MEMORANDUM OPINION

COLVIN, Judge:  On October 6, 2000, respondent sent petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (the lien or levy determination), in which respondent determined that collection from petitioner of her unpaid tax, additions to tax, and interest for 1989-92 would proceed.

The sole issue for decision is whether respondent's refusal to consider petitioner's offer in compromise because petitioner

did not provide current financial information was an abuse of discretion. We hold that it was not.

Section references are to the Internal Revenue Code in effect for the applicable years. Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

The parties submitted this case fully stipulated under Rule 122.

### A. Petitioner

Petitioner resided in Springfield, Virginia, when she filed the petition in this case. In 1997, she was a budget analyst for the U.S. Department of Commerce, and her husband, Mr. Moorhous, was a retired U.S. Department of Defense employee. Petitioner and Mr. Moorhous filed joint income tax returns for 1989-92.[1]

Petitioner and Mr. Moorhous filed separate bankruptcy petitions on dates not stated in the record. Petitioner's income tax liability for 1987 and 1988 was discharged in bankruptcy, but Mr. Moorhous's liability for those years was not discharged.

---

[1] Mr. Moorhous is not a party to this case. He received a Notice of Determination Concerning Collection Action(s) Under Sec. 6320 and/or 6330, but he filed his request for a hearing late. Thus, he is not entitled to judicial review under sec. 6320 or sec. 6330. Moorhous v. Commissioner, 116 T.C. 263, 270 (2001); Kennedy v. Commissioner, 116 T.C. 255, 262-263 (2001).

B.    Petitioner's Offer in Compromise

In January 1997, petitioner and Mr. Moorhous submitted Form 656, Offer in Compromise, in which they offered $3,618 to compromise his 1987-92 and 1997 tax liability and her 1989-92 tax liability.  At least $86,000 was due from petitioner and Mr. Moorhous at that time for those years.

On or about March 3, 1997, respondent's examiner, Ms. Vines (Vines), asked petitioner and Mr. Moorhous to provide additional financial information by March 28, 1997.  Vines had received no response from petitioner and Mr. Moorhous by April 8, 1997, and she closed the case on that date.  Respondent issued a written rejection letter which stated that petitioner and Mr. Moorhous have no administrative appeal rights.  Petitioner and Mr. Moorhous then submitted additional financial information, and Vines agreed to reconsider their offer in compromise.  Vines again recommended that the offer in compromise be rejected based on her estimate that the net realizable equity[2] in petitioner and Mr. Moorhous's assets was at least $125,000 greater than the amount they offered in compromise and considerably greater than the $86,388 then due from petitioner and Mr. Moorhous.  She told

_____

[2]  Internal Revenue Manual sec. 5.8.5.3.1 (Feb. 4, 2000) defines net realizable equity for purposes of an offer in compromise as an estimate (usually about 80 percent of fair market value) of the price a seller could get for the asset where financial pressures motivate the seller to sell in a short period of time (usually 90 days or less) less amounts owed to secured lien holders with priority over the Federal tax lien.

petitioner and Mr. Moorhous that their offer in compromise would be rejected with the right to seek reconsideration by respondent's Appeals office. Respondent did not send a written rejection letter or notice of right to appeal to petitioner. At that time, respondent had a policy of generally not accepting offers in compromise from Federal employees. However, respondent did not apply that policy to petitioner.[3] Respondent discontinued the policy effective July 18, 1997. IRS Litig. Bull. 445 (October 1997).

On April 27, 1999, respondent sent to petitioner a Notice of Intent To Levy and Notice of Your Right to a Hearing concerning petitioner's tax liability for 1989-92. The notice of intent to levy stated that petitioner owed tax, penalty, and interest of $17,909.98 for 1989, $10,266.83 for 1990, $9,980.32 for 1991, and $19,400.89 for 1992, for a total of $57,558.02. On May 10, 1999, petitioner requested a section 6330(b) hearing for tax years 1987-92. At the hearing, petitioner submitted her 1997 offer in compromise and accompanying 1997 financial information. At the hearing, the hearing officer stated that respondent erred in not issuing a written rejection letter that advised petitioner of her right to appeal the rejection of her 1997 offer in compromise to respondent's Office of Appeals. The hearing officer agreed to

---

[3] Petitioner contends that respondent applied the policy to petitioner in 1997. We decide this issue in the opinion.

consider petitioner's offer in compromise if petitioner would provide current financial information.  Petitioner provided only some of her current financial information, and so the hearing officer did not consider the offer in compromise.

On October 6, 2000, respondent issued a notice of determination in which respondent determined to proceed with collection from petitioner of her taxes owing for 1989-92.

## Discussion

Petitioner contends that respondent's refusal to consider her offer in compromise for 1989-92 because she did not provide current financial information was an abuse of discretion.[4]  We disagree.  Section 7122(c)(1) provides that the Secretary shall prescribe guidelines for the Internal Revenue Service to use in determining whether to accept an offer in compromise.

Treasury regulations provide that the Commissioner will not process an offer in compromise that lacks sufficient information to permit the Commissioner to evaluate its acceptability.  Sec. 301.7122-1T(c)(2), Temporary Proced. & Admin. Regs., 64 Fed. Reg. 39020 (July 21, 1999).  The Commissioner will not process an offer in compromise if the financial information submitted with it is older than 12 months.  2 Administration, Internal Revenue Manual (CCH), ch. 5.1(1) (Feb. 4, 2000).  The hearing officer

---

[4] At the hearing, petitioner told the hearing officer that she did not want her offer in compromise to be considered based on current financial information.

followed those guidelines by requiring that petitioner provide current financial information to evaluate whether her offer in compromise was adequate and should be accepted. The decision not to process petitioner's offer in compromise on account of her failure to submit current financial information was consistent with prescribed guidelines and was a reasonable exercise of the Commissioner's discretion.

Respondent erred in not sending petitioner a written notice that respondent had rejected her 1997 offer in compromise. See former sec. 301.7122-1(d)(4), Proced. & Admin. Regs. (taxpayer must be given prompt notice in writing of rejection of offer in compromise). Petitioner contends that, because of that error, we should remand this case to respondent's Office of Appeals for consideration of her offer in compromise based on her 1997 financial information. We disagree.

In 1997, respondent twice considered and rejected petitioner's $3,618 offer to compromise a tax liability of about $86,000. Respondent concluded that the net realizable equity in petitioner and Mr. Moorhous's assets was at least $125,000 greater than the $3,618 amount offered in compromise. We have no reason to believe that result would change if respondent again considered petitioner's offer in compromise based on her financial information for 1997.

Respondent's failure to send petitioner a written rejection of her 1997 offer in compromise did not deprive her of any administrative appeal rights. The hearing officer for petitioner's section 6330 hearing stated that respondent erred in not issuing a written rejection letter that advised petitioner of the right to administratively appeal that rejection. Respondent contends on brief that that statement by the hearing officer was wrong because, in 1997, taxpayers had no appeal rights concerning rejected offers in compromise. Petitioner does not dispute respondent's statement in this regard and offers no contrary authority. We conclude that petitioner was not prejudiced by the hearing officer's failure to consider her offer in compromise based on 1997 financial information or by respondent's failure to give her written notice in 1997 that her 1997 offer in compromise had been rejected. See Rodriquez v. Commissioner, T.C. Memo. 2003-153.

Petitioner contends that respondent's refusal to consider her offer in compromise in 1997 was based on respondent's policy then in effect of generally not accepting offers in compromise from Federal employees. We disagree. There is no evidence to support her contention, and there is credible evidence showing that respondent did not apply that policy to her.

We conclude that respondent's determination to proceed with collection as to petitioner's 1989-92 tax liabilities was not an abuse of discretion.

<u>Decision will be</u>

<u>entered for respondent</u>.