# United States Tax Court

T.C. Memo. 2022-46

NEIL WOLFSON,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 21343-21L.                                    Filed May 5, 2022.

————

Neil Wolfson, pro se.

*Massimiliano Valerio* and *Marc L. Caine*, for respondent.

## MEMORANDUM OPINION

LAUBER, *Judge*: In this collection due process (CDP) case petitioner seeks review pursuant to sections 6320(c)[1] and 6330(d)(1) of the determination by the Internal Revenue Service (IRS or respondent) to uphold collection action. Respondent has filed a Motion for Summary Judgment under Rule 121. Concluding that the settlement officer (SO) did not abuse his discretion, we will grant the Motion.

### Background

The following facts are based on the parties' pleadings and motion papers, including the attached declaration, supplemental declaration, and exhibits. Petitioner resided in New York when he filed his Petition.

---

[1] Unless otherwise indicated, all statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, all regulation references are to the Code of Federal Regulations, Title 26 (Treas. Reg.), in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

**[\*2]**    Petitioner did not collect and pay over employment taxes reportable on Form 941, Employer's Quarterly Federal Tax Return, for the periods ending March 31, June 30, and September 30, 2012. The IRS accordingly assessed civil penalties against him under section 6672 (commonly called trust fund recovery penalties or TFRPs). As of November 2020, his TFRP liabilities totaled about $25,000.

On November 27, 2020, in an effort to collect these liabilities, the IRS sent petitioner a notice of Federal tax lien (NFTL) filing (lien notice). The record initially before the Court did not include a copy of the lien notice. Instead, the declaration filed in support of respondent's Motion for Summary Judgment attached a copy of a Letter 1058, Final Notice of Intent to Levy (levy notice), dated November 6, 2020. Respondent later submitted a supplemental declaration from the SO that attached a copy of the lien notice.

Petitioner timely submitted Form 12153, Request for a Collection Due Process or Equivalent Hearing. As the basis for his CDP hearing request, he checked the box for "Filed Notice of Federal Tax Lien" and indicated that he sought discharge of the lien. He also checked the boxes for "Installment Agreement," "Offer in Compromise," and "I Cannot Pay Balance." He stated that "[t]axes were filed in 2013 and it is now 2020."[2]

Petitioner's case was assigned to an SO in the IRS Independent Office of Appeals (Appeals). The SO verified that the TFRPs had been properly assessed, that "the Service followed all legal and procedural requirements with respect to the issuance of the NFTL filing," and that all other legal and administrative requirements had been satisfied.

On April 26, 2021, the SO sent petitioner a letter scheduling a telephone conference for May 25, 2021. This letter stated that, for the SO to consider collection alternatives, petitioner would need to submit the following: Form 433–A, Collection Information Statement for Wage Earners and Self-Employed Individuals, and supporting documentation, and Form 656, Offer in Compromise. For the SO to consider a lien

---

[2] Petitioner attached to his CDP hearing request a copy of the first page of the levy notice, but this was apparently inadvertent. He did not check the box on the Form 12153 to request a hearing for a "proposed levy or actual levy." The SO's letter acknowledging his Form 12153 stated: "You made your request for a lien hearing regarding the Notice of Federal Tax Lien on time." There is no reference in the SO's case activity record or in the notice of determination to a levy notice or a request for a hearing regarding a levy notice. At no point did petitioner advise the SO or this Court that he was seeking a hearing regarding a levy notice.

[*3] discharge, petitioner was advised that he needed to submit a Form 14135, Application for Certificate of Discharge of Property from Federal Tax Lien. He would also need to come into compliance with his Federal tax obligations by submitting a signed Form 1040, U.S. Individual Income Tax Return, for 2019. Petitioner did not submit any of these documents by the conference date.

On May 25, 2021, the day of the scheduled telephone conference, petitioner called the SO and asked that the conference be rescheduled. The SO agreed and rescheduled the conference for June 17, 2021. On June 17, petitioner's representative contacted the SO for the telephone conference. The representative asked whether the SO could defer the conference to a later date, but the SO declined to do so, noting that the conference had already been postponed once. The SO explained to petitioner's representative "the conditions of a lien discharge" and noted that submission of a Form 14135 was a prerequisite to securing such relief.

During the two months since the conference was originally scheduled, petitioner had submitted no financial information, had submitted no documentation in support of lien discharge, had made no proposal for any other collection alternative, and had failed to come into tax compliance by submitting a return for 2019. The SO accordingly informed petitioner's representative that "a Notice of Determination will be issued based on the information discussed." He stated that petitioner's "case will be forwarded to collection" and that petitioner and his representative "will be able to work out a collection alternative with the Revenue Officer once the Taxpayer is in filing compliance." The representative replied that she did not wish to raise any other issues.

On July 23, 2021, having received no documentation or further communication from petitioner or his representative, the SO decided to close the case. On August 5, 2021, Appeals issued petitioner a notice of determination concluding that the NFTL filing "was an appropriate action and is therefore upheld. Documentation was not submitted during the hearing to warrant discharge of the lien under IRC § 6325(b)." The SO stated in an attachment to the notice of determination: "IRC § 6320(c)(3)(C) requires that I determine if the NFTL filing balances the need for efficient collection of taxes with the legitimate concern of the

[*4] Taxpayer . . . . I balanced the competing interests in finding NFTL filing appropriate."³

Petitioner timely petitioned this Court. The only issue raised in his Petition is a request to "waive penalties" because his failure to pay over trust fund taxes was allegedly the result of an "unforeseeable" and "unintentional error." He did not explicitly dispute the SO's decision to uphold the NFTL filing, but he attached a copy of the notice of determination upholding the NFTL.

On January 25, 2022, respondent filed the Motion for Summary Judgment. Respondent contends that he is entitled to summary judgment because "petitioner does not challenge the underlying tax liabilities" and the SO "did not abuse his discretion or act in an arbitrary and capricious manner." Petitioner timely replied to respondent's Motion, attaching to his Response a copy of a "financial statement" consisting of a list of assets and liabilities, which he says he faxed to the IRS in January 2021, several months before the SO first contacted him about the CDP hearing.

*Discussion*

A.    *Summary Judgment Standard*

The purpose of summary judgment is to expedite litigation and avoid costly, time-consuming, and unnecessary trials. *Fla. Peach Corp. v. Commissioner*, 90 T.C. 678, 681 (1988). The Court may grant summary judgment when there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law. Rule 121(b); *Sundstrand Corp. v. Commissioner*, 98 T.C. 518, 520 (1992), *aff'd*, 17 F.3d 965 (7th Cir. 1994). Where the moving party properly makes and supports a motion for summary judgment, "an adverse party may not rest upon the mere allegations or denials of such party's pleading" but must set forth specific facts showing a genuine dispute for trial. Rule 121(d).

---

³ The IRS issued a duplicate notice of determination to petitioner's wife, Monica Wolfson, but she did not petition this Court in response to that notice. She is not a party to this case. *See Moorhous v. Commissioner*, T.C. Memo. 2003-183, 85 T.C.M. (CCH) 1538, 1538 n.1.

[*5] B.    *Standard of Review*

Section 6330(d)(1) does not prescribe the standard of review that this Court should apply in reviewing an IRS administrative determination in a CDP case.  The general parameters for such review are marked out by our precedents.  Where the validity of a taxpayer's underlying liability is properly at issue, we review the IRS determination de novo. *Sego v. Commissioner*, 114 T.C. 604, 610 (2000); *Goza v. Commissioner*, 114 T.C. 176, 181–82 (2000).  Where the taxpayer's underlying liability is not properly at issue, we review the IRS decision for abuse of discretion only.  *Jones v. Commissioner*, 338 F.3d 463, 466 (5th Cir. 2003); *Goza*, 114 T.C. at 182.  Abuse of discretion exists when a determination is arbitrary, capricious, or without sound basis in fact or law.  *See Murphy v. Commissioner*, 125 T.C. 301, 320 (2005), *aff'd*, 469 F.3d 27 (1st Cir. 2006).

Petitioner stated in his Petition that he wished the Court to "waive penalties."  The phrase "underlying tax liability" includes TFRPs, s*ee Mason v. Commissioner*, 132 T.C. 301, 316 (2009), so we conclude that petitioner is attempting to challenge his underlying liability.  However, he is precluded from doing so because he did not raise that issue at the CDP hearing.  *See Giamelli v. Commissioner*, 129 T.C. 107, 115 (2007).  Indeed, petitioner admitted in his Response to the Motion for Summary Judgment that he first raised the issue of penalties with IRS collection officials on September 3, 2021, almost a month after Appeals issued the notice of determination.  Accordingly, petitioner's underlying liability for the TFRPs is not properly at issue, and we will review the IRS determination for abuse of discretion only.

C.    *Abuse of Discretion*

In deciding whether the SO abused his discretion in sustaining the collection action, we consider whether he (1) properly verified that the requirements of applicable law or administrative procedure have been met, (2) considered any relevant issues petitioner raised, and (3) considered "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of [petitioner] that any collection action be no more intrusive than necessary." § 6330(c)(3).  Our review of the record establishes that the SO properly discharged all of his responsibilities under section 6330(c).

In his CDP hearing request petitioner checked the boxes for lien discharge, "Installment Agreement," "Offer in Compromise," and "I

**[\*6]** Cannot Pay Balance." But he never proposed a specific collection alternative, and he never submitted any of the documentation necessary to the SO's consideration of a collection alternative. An SO does not abuse his discretion by declining to consider collection alternatives where the taxpayer has not proposed any, *see Nimmo v. Commissioner*, T.C. Memo. 2020-72, 119 T.C.M. (CCH) 1504, 1506, or has failed to submit the required documentation, *see Sullivan v. Commissioner*, T.C. Memo. 2012-337, 104 T.C.M. (CCH) 713, 718; *Coleman v. Commissioner*, T.C. Memo. 2010-51, 99 T.C.M. (CCH) 1213, 1215, *aff'd*, 420 F. App'x 663 (8th Cir. 2011). Finally, petitioner was not in compliance with his 2019 tax filing obligations. An SO does not abuse his discretion when he declines to consider a collection alternative for a taxpayer who is not in filing compliance. *See Boulware v. Commissioner*, T.C. Memo. 2014-80, 107 T.C.M. (CCH) 1419, 1424, *aff'd*, 816 F.3d 133 (D.C. Cir. 2016); Treas. Reg. § 301.6320-1(d)(2), Q&A-D8.

Petitioner allegedly submitted a one-page summary of his personal finances to the IRS in January 2021. We do not know to whom he sent this, but it cannot have been the SO assigned to his case, because the SO was not assigned to his case until April of that year. In any event, petitioner's summary is far less detailed than the Form 433–A and supporting documentation that the SO requested. Petitioner also represents that he submitted his 2019 tax return to the IRS on December 26, 2021. Assuming that representation to be true, petitioner took this step more than four months after Appeals issued the notice of determination (on August 5, 2021). What petitioner mailed to the IRS before Appeals opened his case or several months after Appeals issued the notice of determination is not relevant in ascertaining whether the SO abused his discretion.[4]

The SO gave petitioner and his representative ample time to submit the required documentation. Appeals did not issue the notice of determination until seven weeks after the rescheduled CDP hearing and three months after the SO initially requested documents from petitioner. Finding no abuse of discretion in any respect, we will grant respondent's Motion for Summary Judgment and sustain the collection action as to all tax periods.

---

[4] Petitioner also complains that respondent served a copy of the Motion for Summary Judgment on him at his New York address of record, even though he is currently living in Florida. He does not allege that he did not receive respondent's Motion; in fact, he timely filed a Response. It is the taxpayer's obligation to notify this Court if his address has changed. *See* Rule 21(b)(4).

**[*7]**   To reflect the foregoing,

*An appropriate order and decision will be entered.*